IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PLASTIC & COSMETIC SURGICAL GROUP, P.C. | : : : | |
| Plaintiff, | : : | CIVIL ACTION |
| v. | : : | NO 06-3269 |
| MEDI-BILL ASSOCIATES, INC., | : : | |
| Defendant. | : : | |

## MEMORANDUM AND ORDER

Presently before this Court is Plaintiff's Petition to Compel Arbitration and to Appoint an Arbitrator (Doc. 1) and the subsequent correspondence related to the Petition submitted to the Court by all parties. The request to compel arbitration is denied as moot. All parties have agreed that arbitration is appropriate, thus no further discussion is required on the issue. For the reasons set forth below, the Court will GRANT the request to appoint an arbitrator taking into consideration the suggestions of all parties. The Hon. Edward G. Biester, Jr. (Ret)/JAMS shall serve as arbitrator for the matter.

## FACTUAL BACKGROUND

Plaintiff, Plastic Surgical & Cosmetic Group, P.C. ("Cosmetic"), a group of medical practitioners practicing in Pennsylvania and New Jersey, bring this action against three Defendants, Medi Bill Associates, Inc. ("Medi-Bill"), a healthcare medical billing company, Mark Stitz, and Michael Sandick for breach of contract, misrepresentation, and fraud. Cosmetic claims Medi-Bill failed to adequately provide billing services and may have been involved in fraudulent activity. Cosmetic also claims Defendant Mark Stitz, former Vice-President of Medi-

Bill, and Michael Sandick, former employee of Medi-Bill, induced Cosmetic to enter into a contract with Medi-Bill through misrepresentations and made further misrepresentations during the contract.  While all parties agree that arbitration is appropriate, they have been unable to agree upon a choice for arbitrator and request the Court's intervention.

## DISCUSSION

On September 26, 2007 the parties in this action appeared before the Court for a Rule 16 Conference.  At that time, it was determined that while all parties agreed to arbitration, the disagreement over the choice of arbitrator persisted.  Upon concluding the Rule 16 Conference, the Court instructed the parties to take thirty (30) days to research options, submit them to each other, confer, and then report back to the Court.  It is now well beyond the thirty-day period and the parties have yet to come to an agreement.  There is no dispute that the District Court has authority to appoint an arbitrator under Section 5 of the Federal Arbitration Act.  9 U.S.C. §5 ("...upon the application of either party to the controversy, the court shall designate and appoint an arbitrator or arbitrators or umpire, as the case may require....").

Despite the commencement of this action dating back to 2005, both parties awareness of arbitration clause, and the Court's charge at the conclusion of the Rule 16 conference, an impasse remains.  Central to the disagreement between the parties over the selection of an arbitrator is Plaintiff's desire to conduct discovery, seek attorney's fees, and the allocation between the parties of the arbitration costs.  Depending upon the forum in which the matter is arbitrated, the issues of concern to Plaintiff may or may not be available during proceedings. While Plaintiff has asked the Court to appoint an arbitrator, the Plaintiff has also asked the Court to limit its authority stating, "If the [C]ourt were to appoint an arbitrator that as a matter of

policy before hearing evidence would not hear certain issues, the [C]ourt would be deciding those issue and would be exceeding its authority." Upon consideration of the case law on the matter and Plaintiff's failure to rely upon legal authority in support of its position, the Court disagrees and rejects such contention. Camden Fire Ins. Ass'n v. KML Sales, Inc. et al, 99 Fed. Appx. 367, 368 (3d Cir. 2004)(citing Green Tree Financial Corp. V. Randolph, 531 U.S. 79,86 (2000) and Aluminum Co. Of America v. Beazer East Inc., 124 F.3d 551, 557 (3d Cir. 2001))(concluding that where a party feared that the appointment of an umpire by the District Court would lead to the omission of important issues to the arbitration, the panel refused to dismiss the appointment stating that redress was still available after the arbitration was done under a separate proceeding in district court). Should Plaintiff's counsel find the arbitration outcome unsatisfactory, the appropriate legal recourse would occur under separate proceedings before the District Court **upon conclusion** of the arbitration.

After reviewing the parties' recommendations, the Court has determined that the Hon. Edward G. Biester, Jr. (Ret)/JAMS shall serve as arbitrator for the matter. An appropriate order follows.